IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**CHOON'S DESIGN LLC**,
a Michigan limited liability company,

      Plaintiff

Case No.:

v.

**TRISTAR PRODUCTS, INC**,
a New Jersey corporation,

      Defendant

## COMPLAINT & JURY DEMAND

NOW COMES Plaintiff Choon's Design LLC ("Choon"), by and through its attorneys, Carlson, Gaskey & Olds, P.C., and for its Complaint against Defendant Tristar Products, Inc. ("Tristar" or "Defendant") states as follows:

## PARTIES

1. Choon is a Michigan limited liability company having its primary place of business at 48813 West Road, Wixom, MI 48393.

2. Tristar is a New Jersey corporation with its primary place of business at 492 U.S. 46, Fairfield, NJ 07004.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §1331 (federal question), §1332 (diversity), and §1338 (patents).

4. Tristar is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Tristar because it has engaged in continuous, systematic and substantial activities within this judicial district, including the marketing and sales of products in

this judicial district. Furthermore, upon information and belief, this Court has personal jurisdiction over Tristar in this case because it has committed acts giving rise to Choon's claims within and directed to this judicial district.

5. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(b).

## BACKGROUND

6. In late 2011, Choon introduced its Rainbow Loom product – a loom designed to be used with rubber bands to form links for making bracelets, necklaces, and even bags and other items – to the market ("the Rainbow Loom").

7. Choon introduced the Rainbow Loom by selectively placing it in specialty toy and craft stores. Choon did not initially sell the product to any retail chains – although it does now.

8. Notwithstanding, the Rainbow Loom product was, from the get go, received with great fanfare and accomplished almost immediate and monumental success – even without any relationships with retail chains.

9. The Today show featured Choon's Rainbow Loom as the "Summer's hottest craft craze" in a story aired August 15, 2013.

10. The Rainbow Loom was selected by the 2014 Toy of the Year Awards as the best toy of the year. **[Exhibit 1.]**

11. The New York Times published an article on the Rainbow Loom's success on August 31, 2013 noting that "600 retailers carry Rainbow Loom, and just over one million units have been sold at a retail price of $15 to $17 each." **[Exhibit 2.]** Moreover, "[t]he official Rainbow Loom videos [on YouTube] have garnered a total of 4.6 million views." [*Id.*]

2

12. The Rainbow Loom's success was further noted in an article published in Crain's Detroit Business on December 15, 2013.  **[Exhibit 3.]**  This article points out that the Rainbow Loom is "flying off the shelves" and is being sold in 1,125 Michaels' craft stores   [*Id.*]. Moreover, it notes that "3.5 million [Rainbow Loom] units [have been] moved this year as the craze to make jewelry, headbands, key chains, and even superheroes out of tiny rubber bands sweeps the tween market." [*Id.*]  Philo Pappas, Michaels' EVP of Category Management even indicated that "[t]he Rainbow Loom is selling 10 times better than Michaels' previous best-selling kids products." [*Id.*]

13. Since its introduction into the market, Choon has sold more than five million Rainbow Looms.  Of course, Choon has also sold large volumes of other complementary products that are used with the Rainbow Loom such as rubber bands and clips (which are used to hold the two ends of a necklace or bracelet together).  This tremendous success has led to numerous copycats trying to capitalize on Choon's hard work.

14. After taking note of Choon's great success, Tristar decided to take action, producing and selling its own loom kit, the Bandaloom, that includes a loom, mini loom and hook, rubber bands, and clips, among other things.  Tristar also sells the rubber bands separately [**Exhibit 4**.]

15. Tristar sells the Bandaloom and replacement rubber bands on its website (www.bandaloom.com) and through Walmart.

16. Tristar further promotes the Bandaloom through dedicated pages on As Seen on TV, Facebook, Pinterest, and YouTube.

17. Choon owns a U.S. Patent that covers its Rainbow Loom and another patent that covers its mini loom and hook.

18.     Specifically, on July 16, 2013, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 8,485,565 ("the '565 patent"), entitled "Brunnian Link Making Device and Kit." A true and correct copy of the '565 patent is attached hereto as **Exhibit 5**.

19.     The '565 patent names Cheong Choon Ng as inventor.

20.     Choon is the owner by assignment of all right, title and interest in the '565 patent.

21.     The '565 patent generally relates to, *inter alia*, a novel method and device for creating a linked item.

22.     Tristar's Bandaloom infringes one or more of the claims of Choon's '565 patent.

23.     Additionally, on January 7, 2014, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 8,622,441 ("the '441 patent"), entitled "Hand Held Link Making Device And Kit. A true and accurate copy of the '441 patent is attached hereto as **Exhibit 6**.

24.     The '441 patent names Cheong Choon Ng as inventor.

25.     Choon is the owner by assignment of all right, title and interest in the '441 patent.

26.     The '441 patent generally relates to, *inter alia*, a novel method and device for creating an item consisting of a series of links.

## COUNT I - TRISTAR'S DIRECT INFRINGEMENT OF THE '565 PATENT

27.     Choon incorporates and re-alleges Paragraphs 1 through 26 as each were fully set forth herein.

28.     The '565 patent remains valid, enforceable and unexpired.

29.     Upon information and belief, Tristar is directly infringing and has directly infringed the '565 patent, including, without limitation, by making, using, selling, offering for

sale, and/or importing, without license or authority, at least its Bandaloom which is covered by the '565 patent.  Tristar may sell other infringing loom products as well.

30. The Bandaloom falls within the scope of one or more claims of the '565 patent. Upon information and belief, Tristar directly infringes at least claim 1 of the '565 patent.

31. Upon information and belief, Tristar's infringement has been and continues to be willful and deliberate.

32. As a result of Tristar's infringement, Choon will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT II - TRISTAR'S DIRECT INFRINGEMENT OF THE '441 PATENT

33. Choon incorporates and re-alleges Paragraphs 1 through 32 as each were fully set forth herein.

34. The '441 patent remains valid, enforceable and unexpired.

35. Upon information and belief, Tristar is directly infringing and has directly infringed the '441 patent, including, without limitation, by making, using, selling, offering for sale, and/or importing, without license or authority, at least its Bandaloom Mini Loom and Hook which are covered by the '441 patent.   Tristar may sell other infringing loom products as well.

36. The Bandaloom Mini Loom and Hook fall within the scope of one or more claims of the '441 patent.  Upon information and belief, Tristar directly infringes at least claim 1 of the '441 patent.

37. Upon information and belief, Tristar's infringement has been and continues to be willful and deliberate.

38. As a result of Tristar's infringement, Choon will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## PRAYER FOR RELIEF

WHEREFORE, Choon requests judgment in its favor against Tristar for the following relief:

A. An order adjudging that Tristar has infringed the '565 and '441 patents;

B. An order adjudging Tristar to have willfully infringed the '565 and '441 patents;

C. A preliminary and permanent injunction enjoining Tristar, its officers, directors, agents, servants, employees and those persons in active concert or participation with Tristar, from directly or indirectly infringing the '565 and '441 patents in violation of 35 U.S.C. §271;

D. An award of damages adequate to compensate Choon for Tristar's infringement of the '565 and '441 patents;

E. An award of damages adequate to compensate Choon for infringement including those damages provided for in 35 U.S.C. §154(d);

F. An order for a trebling of damages and/or exemplary damages because of Tristar's willful infringement pursuant to 35 U.S.C. §284;

G. An order adjudging that this is an exceptional case;

H. An award to Choon of its attorney fees and its costs and expenses incurred in connection with this action pursuant to 35 U.S.C. §285; and

I. Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed R. Civ. P. 38(b) and 5(d), Plaintiff demands a trial by jury for all issues so triable.

Dated:  February 24, 2014	CARLSON, GASKEY & OLDS, P.C.

/s/ Brian S. Tobin
Theodore W. Olds, III (P42004)
John M. Siragusa (P62573)
Brian S. Tobin (P67621)
Carlson Gaskey & Olds, P.C.
400 W. Maple, Suite 350
Birmingham, Michigan  48009
Telephone:  (248) 988-8360
Facsimile:  (248) 988-8363
Email: tolds@cgolaw.com
          jsiragusa@cgolaw.com
          btobin@cgolaw.com