UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOON'S DESIGN INC.,
a Michigan corporation,

        Plaintiff,        CASE NUMBERS: 14-10848
                                       HONORABLE VICTORIA A. ROBERTS

v.

TRISTAR PRODUCTS, INC.,
a New Jersey corporation,

        Defendant.
_____/

**ORDER DENYING MOTION TO TRANSFER
DOC. # 12**

Choon's Design LLC ("Choon") makes rubber bands used as links to form bracelets, necklaces and other crafts. Choon calls its product the "Rainbow Loom" and holds a patent to it. Choon alleges that several companies are infringing on its patent; many cases are pending within this district and it anticipates filing similar actions here.

On February 24, 2014, Choon filed suit against Tristar Products Inc. ("Tristar") alleging patent infringement of its Rainbow Loom. Tristar makes a product that looks and appears to be a similar craft toy.

Tristar's Answer does not challenge this Court's jurisdiction and venue; it did, however, file a motion to transfer under 28 U.S.C. 1404(a) to a federal district court located in New Jersey where it is incorporated and has its principal place of business. Tristar also filed a counterclaim, which among others, challenges Choon's patent.

Tristar's motion is **DENIED**.

1

Under 28 U.S.C. 1404 (a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented," *Id.,* at its "broad discretion." *Reese v. CNH Am. LLC*, 574 F3d 315, 320 (6t Cir. 2009)("As the permissive language of the transfer statute suggests, district courts have "broad discretion" to determine when party "convenience" or "the interest of justice" make a transfer appropriate.").

While normally district courts consider whether venue would be proper in the transferee court, this Court need only consider convenience and fairness: Choon concedes that New Jersey is a proper venue. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (U.S. 1988)("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness."); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)(analyzing whether venue existed in the transferee court).

Tristar agues that all factors weigh heavily in favor of transfer. It says that Choon has filed one of its patent infringement actions in New Jersey, which suggests that New Jersey is a convenient forum for Choon. It says that all of its witness -- primary and third party -- who will testify about the development of its product are located in New Jersey. And, New Jersey could try the case quicker because this case would only make the second pending action filed by Choon there.

Choon argues that New Jersey is not convenient for it; Choon says that it filed one -- out of several -- actions, against an unrelated defendant, in New Jersey because that was the only state where jurisdiction and venue were proper with respect to that

particular party. Choon maintains that all fifteen of its employees are Michigan citizens, located within this district. It says that because the validity of its patent is being challenged it must call these witnesses. Choon also argues that it is a smaller company with limited sales, while Tristar is a billion dollar entity. Lastly, Choon argues that the average case takes a year longer to be resolved in New Jersey than in Michigan.

To weigh convenience and fairness, courts consider:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of processes to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Audi AG v. D'Amato*, 341 F. Supp. 2d 734, 749 ( E.D. Mich. 2004).

These factors don't favor either party. As Judge Berg held in his order declining to transfer one of Choon's cases to New Jersey: "[m]erely shifting the inconvenience from one party to another does not meet the defendant's burden." *Choon's Design, LLC v. Larose Indus.*, No. 13-13569, 2013 U.S. Dist. LEXIS 156695, at *12 ( E.D. Mich. Nov. 1, 2013).

Further, as Choon argues, the pubic interest factors weigh in Choon's favor as a Michigan entity that employs Michigan citizens, it is best left for this locale to decide questions impacting its citizen's patent. *B.E. Tech., LLC v. Barnes & Noble, Inc.*, No. 2:12-cv-02823-JPM-tmp, 2013 U.S. Dist. LEXIS 97497, at *29-31 (W.D. Tenn. July 12, 2013).

Even if the Court required a tie breaker, the Court would award Choon's selected forum deference, which would slant in favor of case retention. *Stewart v. Am. Eagle Airlines, Inc.*, No. 3:10-00494, 2010 U.S. Dist. LEXIS 117308, at *2 (M.D. Tenn. Nov. 3,

2010)("balance between the plaintiff's choice of forum and defendant's desired forum is even, the plaintiff's choice of [forum] should prevail."). Tristar purposefully availed itself to Michigan's jurisdiction by selling its product to citizens who reside here.  Choon operates primarily in Michigan.  It was foreseeable that litigation would ensue here.

Accordingly, Tristar has not met its burden to show that convenience and fairness warrant transfer.  Its motion is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 8, 2014

| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 8, 2014.<br><br>s/Linda Vertriest<br>Deputy Clerk |
| --- |