UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOON'S DESIGN INC.,
a Michigan corporation,

        Plaintiff,        CASE NUMBER: 14-10848
                             HONORABLE VICTORIA A. ROBERTS

v.

TRISTAR PRODUCTS, INC.,
a New Jersey corporation,

        Defendant.
_____/

**ORDER: (1) DENYING TRISTAR'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND MOTION FOR SANCTIONS (DOC # 23), AND (2) GRANTING PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT (DOC # 19)**

**I.    INTRODUCTION & BACKGROUND**

This matter is before the Court on Tristar's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Sanctions, and Plaintiff's Motion For Leave to File a Second Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 15(a)(2), respectively.

On February 24, 2014, Plaintiff filed this action as Choon's Design LLC, alleging that Defendant, Tristar Product, Inc. ("Tristar"), infringed upon its "Rainbow Loom" product, the "565 Patent" and the "441 Patent." Choon's Design LLC did not own the rights to the patent on the day the action was filed.

Indeed, on February 5, 2014, Choon's Design LLC transferred its property to Choon's Design "Inc." by executing a Certificate of Conversion, converting Choon's Design LLC into Choon's Design Inc. The conversion became effective on February 13, 2014. Also on February 5, 2014, Choon's Design LLC assigned the relevant patents to Choon's Design Inc.

1

Tristar was served with the Complaint on March 4, 2014. Before Tristar answered or otherwise pled, Plaintiff filed an Amended Complaint substituting Choon's Design Inc. for Choon's Design LLC.

Tristar moves to dismiss the Amended Complaint and for the imposition of sanctions, arguing that the amendment was improper because: (1) Choon's Design LLC lacked standing to file the original complaint and (2) Choon's Design Inc. was the real party in interest, given that Choon's Design Inc. owned the rights to the patents at the time of filing.

Additionally, on April 1, 2014 Plaintiff was issued the "420 Patent." In its motion for leave to file a Second Amended Complaint, Plaintiff seeks to add claims of direct and indirect infringement related to the 420 Patent and to add claims of indirect infringement related to the 565 and 441 Patents.

The Court finds that Choon's Design LLC and Choon's Design Inc. were the same entity at the time of filing; standing was proper. The real party in interest was appropriately substituted by Plaintiff's Amended Complaint. Finally, Choon's Design Inc. did not act in bad faith or unduly delay in filing its motion to amend, and Tristar will not be prejudiced by the amendment. Tristar's Motions are **DENIED;** Plaintiff's Motion is **GRANTED**.

## II. STANDARD OF REVIEW

### A. MOTION TO DISMISS AMENDED COMPLAINT

Under the Federal Rules of Civil Procedure, a party may assert as a defense, that the Court lacks subject matter jurisdiction over the claims. Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b) (1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison–Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir.1996).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). Here, Tristar challenges the factual existence of subject matter jurisdiction. A factual attack is a challenge to the factual existence of subject matter jurisdiction. *Id.* at 598. When considering a factual attack, the Court is free to weigh the evidence and satisfy itself concerning the existence of its power to hear the case. *Id*. In matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings. *Nichols v. Muskingum College,* 318 F.3d 674, 677 (6th Cir.2003).

### B.  MOTION TO AMEND

Under the Federal Rules of Civil Procedure, a party may request leave from the Court to amend its pleadings. Fed. R. Civ. P.  15(a)(2). When considering whether to grant leave to amend a pleading, a court should consider: (1) undue delay in filing; (2) lack of notice to the opposing party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of amendment. *Seals v. Gen. Motors Corp*., 546 F.3d 766, 770 (6th Cir. 2005); *Brumbalough v. Camelot Care Centers, INC*., 427 F.3d 996, 1001 (6th Cir. 2005).

### III.   ANALYSIS OF THE CLAIMS

#### A. TRISTAR'S MOTION TO DISMISS

Tristar argues that Plaintiff cannot amend the original complaint and that the original complaint should be dismissed because: (1) the "time of filing" rule dictates that "the jurisdiction of the court depends upon the state of things at the time of the action brought;" (2) the Court lacked subject matter jurisdiction over the original claims at the time of filing because Choon's Design LLC lacked standing; and (3) only Choon's Design Inc., as the real party in interest, is

3

entitled to bring this "civil action for infringement of [its] patent." See *Gupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539, 8 L. Ed. 154 (1824)); *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002); 35 U.S.C. § 281.

The Court agrees that while the real party in interest is Choon's Design Inc., given that it was entitled to enforce the asserted rights because of its ownership of the relevant patents, its substitution for Choon's Design LLC was appropriate because: (1) Choon's Design LLC had standing as well at the time of filing, since for all purposes, it and Choon's Design Inc., were one and the same; (2) any error in naming Choon's Design LLC was an honest mistake; (3) there was no unreasonable delay in substitution; and (4) Tristar did not suffer undue prejudice from a substitution of the real party in interest.

Rule 17(a) provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17

The real party in interest is "the person who is entitled to enforce the right asserted under the governing substantive law." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 43 (6th Cir. 1994). "The real party in interest analysis turns upon whether the substantive law creating the right being sued upon affords the party bringing the suit a substantive right to relief." *Id*.

District courts should avoid "dismissal where 'substitution of the real party in interest is necessary to avoid injustice.'" *Hilgraeve Corp. v. Symantec Corp.*, 212 F.R.D. 345, 347 (E.D.

Mich. 2003) *(*quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 19 (2d Cir.1997)). "In deciding whether to allow a real party in interest to substitute into an action for the named plaintiff, the Court considers whether there has been an honest mistake as opposed to tactical maneuvering, unreasonable delay, or undue prejudice to the non-moving party." *Tool-Plas Sys., Inc. v. Camaco, LLC*, 09-12003, 2010 WL 1347686 (E.D. Mich. Mar. 31, 2010) (citing *Esposito v. United States,* 368 F.3d 1271, 1275–76 (10th Cir.2004); *Jordan v. Fox, Rothschild, O'Brien, & Frankel,* 20 F.3d 1250, 1278 (3d Cir.1994)). "A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 534 (6th Cir. 2002) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 20 (2d Cir.1997)).

    **i.   INAPPLICABILITY OF THE TIME OF FILING RULE**

The time-of-filing rule is strictly a diversity of citizenship doctrine; the basis for jurisdiction here is federal question. See *Grupo Dataflux*, 541 U.S. at 571 (holding that the time of filing rule "measures all challenges to subject-matter jurisdiction premised upon *diversity of citizenship* against the state of facts that existed at the time of filing.") (emphasis added)).

    **ii.   CHOON'S DESIGN LLC'S STANDING**

Standing was proper given that Choon's Design LLC and Choon's Design Inc. are the same entity. The Court recognizes that, upon conversion, Choon's Design LLC transferred its interests to Choon's Design Inc. MICH. COMP. LAWS § 450.4708(3)(c) (upon conversion, the "title to all real estate and other property and rights owned by the domestic limited liability company remain vested in the surviving business organization without reversion or impairment."). Additionally, Choon's Design LLC transferred its rights when it assigned its rights to the patent. *Intellectual*

*Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001) (citing 35 U.S.C. § 261) ("A grant of all substantial rights in a patent amounts to an assignment-that is, a transfer of title in the patent-which confers constitutional standing on the assignee to sue another for patent infringement in its own name.").

Choon's Design LLC and Choon's Design Inc. are the same entity. "The surviving business organization is considered to be the same entity that existed before the conversion and is considered to be organized on the date that the domestic limited liability company was originally organized. MICH. COMP. LAWS § 450.4708(3)(f); *see also* MICH. COMP. LAWS § 450.1746(3)(f). Conversion does not constitute dissolution of the domestic limited liability company nor does it constitute the creation of a new entity. *Id*. at § 450.4708(3)(h); *see also* MICH. COMP. LAWS § 450.1746(3)(h). Finally, the business organization is owned by the same member, Cheong-Choon NG, both before and after the conversion.

Consequently, "[a] little common sense goes a long way to show that the complaint contains mere misnomer, and that [Choon's Design LLC and Choon's Design Inc.] are one and the same." *Hilgraeve Corp. v. Symantec Corp.*, 212 F.R.D. 345, 348 (E.D. Mich. 2003) (quoting *Hemphill Contracting.Co. v. United States*, 34 Fed.CL. 82, 86 (Fed. Cl. 1995)). It is likely that Plaintiff did not intentionally misname itself because, as is evident from the motion to dismiss, "the mistake could only hurt plaintiff." *Hemphill Contracting.Co.,* 34 Fed.CL. at 86. As the *Hemphill* Court stated, "[t]he claims asserted in the instant complaint are real; it is clear that some party possesses the substantive right to sue here. It is equally clear that no other corporate entity, other than [Choon's Design Inc.] could possess this right." *Id*. at 85.

These entities, Choon's Design LLC and Choon's Design Inc. are one and the same, and Choon's Design LLC had standing to sue. Plaintiff had authority to amend to substitute Choon's Design Inc. as the Plaintiff.

### iii. SUBSTITUTION OF THE REAL PARTY IN INTEREST

The substitution of Choon's Design Inc. for Choon's Design LLC was appropriate. Choon's Design Inc.'s error appears to be an honest mistake that can be corrected without undue delay with the amendment already filed by Choon's Design Inc. The conversion between the two entities became effective only eleven days before the filing of the original complaint. Plaintiff's counsel did not oversee the conversion, and promptly sought to amend the complaint as soon as he became aware of it.

Tristar will not suffer undue prejudice. Changing the name of the plaintiff in no way substantively changes the case, and is a mere formality.

Tristar's Motion to Dismiss the Amended Complaint is **DENIED**.

### B. TRISTAR'S MOTION FOR SANCTIONS

Tristar argues that Choon's Design Inc. should be sanctioned for its failure to agree to dismiss the case. For all of the above reasons, Plaintiff was correct in resisting attempts by Tristar to dismiss the case. The Court **DENIES** Tristar's Motion for Sanctions.

### C. CHOON'S DESIGN INC.'S MOTION TO AMEND

Tristar is not opposed to the addition of claims related to the 565 and 441 Patents. Tristar argues that amendments adding claims relating to the 420 Patent should be denied because: (1) there was undue delay because Choon's Design Inc. waited over seven weeks from issuance of the patent before seeking concurrence for the amendment; (2) Choon's Design Inc. acted in bad faith by delaying for seven weeks and requesting leave only after Tristar filed a declaratory

judgment action in the District of New Jersey; and (3) Tristar suffered prejudice by having to wait to discover if Choon's Design Inc. would follow through on its initial indication that it would amend. The Court disagrees.

When a party can no longer amend its complaint as a matter of course, that party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Additionally, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). Because Choon's Design Inc.'s claims related to the 420 Patent arose after the filing of the amended complaint, this motion is governed, in part, by Rule 15(d).

Choon's Design Inc. did not unduly delay or act in bad faith. And, Tristar will not suffer prejudice if the Court grants the motion.

Although Choon's Design Inc. did not file its Motion to Amend until seven weeks after the 420 Patent had been issued, there was no undue delay because the parties were waiting on the Court's ruling on Tristar's Motion to Transfer. This motion to amend was filed less than two weeks after the Court denied the transfer request.

Tristar's argument that Choon's Design Inc.'s motion was filed in response to its declaratory judgment action filed in the District of New Jersey has no merit. Choon's Design Inc. indicated in its response to Tristar's Motion to Transfer that it intended to add claims related to the 420 Patent. Dkt. No. 14, at 5. Tristar has long been on notice of Choon's Design Inc.'s intent to amend the complaint.

Tristar acknowledged that it "would suffer little prejudice if the Court grants Plaintiff's motion." Dkt. No. 24, p. 7. Additionally, Tristar suffered little prejudice in waiting for Choon's Design Inc. to amend as it indicated that it would.

## IV.     CONCLUSION

Tristar's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Sanctions are **DENIED**. The Court **GRANTS** Plaintiff's Motion for Leave to File a Second Amended Complaint.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 18, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 18, 2014.

s/Linda Vertriest
Deputy Clerk