UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

CHOON'S DESIGN INC.,

      Plaintiff,                           Case No. 14-10848
                                         Honorable Victoria A. Roberts
v.

TRISTAR PRODUCTS, INC.,

      Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION [Doc. 87] AND DENYING ITS MOTION TO SEAL [Doc. 86]

This matter is before the Court on Defendant Tristar Products, Inc.'s motion to compel production [Doc. 87] and motion to file the same under seal [Doc. 86].

Tristar's motion to seal does not "state the authority for sealing," as required by E.D. Mich. LR 5.3(b)(2)(A). The motion to seal is **DENIED**. On the other hand, Tristar's motion to compel is **GRANTED**.

Tristar's motion to compel concerns a settlement agreement that Plaintiff Choon's Design Inc. (f/k/a Choon's Design LLC) entered into with non-parties Toys "R" Us – Delaware, Inc. ("TRU") and LaRose Industries, LLC (the "Settlement Agreement").

Choon's does not dispute that the Settlement Agreement falls within the scope of Tristar's discovery requests. However, it says the Court should deny Tristar's motion because: (1) the Settlement Agreement is not relevant, or is, at most, minimally relevant; (2) it produced several other settlement agreements entered into with other parties in connection with the same patents, such that the production of the Settlement Agreement would be cumulative; (3) the proportionality of Tristar's need for the

agreement does not warrant compelling its production; (4) Choon's and LaRose/TRU designated the Settlement Agreement "Confidential"; and (5) it formally objected to producing the agreement more than 18 months ago, such that Tristar's motion is untimely.

The fact that Choon's and LaRose/TRU designated the Settlement Agreement confidential is of no consequence.  "The terms of a settlement agreement, even when marked confidential, are not protected from discovery by privilege."  *State Farm Mut. Auto. Ins. Co. v. Universal Health Grp., Inc.*, No. 14-10266, 2016 WL 6822014, at \*2 (E.D. Mich. Nov. 18, 2016) (citations omitted).  *See also In re MSTG, Inc.*, 675 F.3d 1337, 1348 (Fed. Cir. 2012) ("settlement negotiations related to reasonable royalties and damage calculations are not protected by a settlement negotiation privilege").  "The only constraint is whether . . . the material 'is relevant to any party's claim or defense and proportional to the needs of the case.'"  *State Farm Mut.*, 2016 WL 6822014, at \*2 (quoting Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . .")).

Although Choon's now argues that the Settlement Agreement is not relevant, it never specifically objected to producing the Settlement Agreement because it was irrelevant.  Rather, as it concedes, it produced all other settlement agreements it entered into regarding the underlying patents, but withheld the agreement with LaRose and TRU because it was designated confidential.  In patent cases, "settlement agreements can be pertinent to the issue of reasonable royalties."  *See In re MSTG, Inc.*, 675 F.3d 1337, 1348 (Fed. Cir. 2012) (citing *ResQNet.com, Inc. v. Lansa, Inc.*, 594

2

F.3d 860, 869-73 (Fed. Cir. 2010)).  Because the Settlement Agreement concerns the same patents of Choon's that are at issue in this suit, it is "relevant" to the issue of reasonable royalties and discoverable.  *See id.*; *State Farm Mut.*, 2016 WL 6822014, at *2 ("Evidence is 'relevant' to a party's claim or defense if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'") (citations omitted).

Moreover, while Choon's produced other settlement agreements, there is no way to determine whether the Settlement Agreement with LaRose and TRU is cumulative of that evidence because it has not been produced.  On the other hand, the burden on Choon's to produce one document – that may be cumulative – is minor.  Therefore, the Court finds that Tristar's request for the Settlement Agreement is proportional to the needs of the case.

Finally, although Tristar may not have acted as diligently as it should have, the Court finds any lack of diligence excusable.  Choon's never provided a specific objection to Tristar's discovery requests stating that it was withholding the Settlement Agreement on a particular basis.  Moreover, the parties engaged in extended settlement discussions over several months; there may have been no need to pursue this discovery during that period of time.

Tristar's motion to compel production [Doc. 87] is **GRANTED**.  Choon's must produce the Settlement Agreement to Tristar by **March 3, 2017 at 5:00 p.m.**

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  February 28, 2017