UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOON'S DESIGN INC.,

    Plaintiff,	Case No. 14-10848
                                                                    Honorable Victoria A. Roberts
v.

TRISTAR PRODUCTS, INC.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF LITERAL INFRINGEMENT OF CLAIMS 9 AND 14 OF THE '565 PATENT [Doc. 95]

**I.    INTRODUCTION**

In this patent infringement case, Plaintiff Choon's Design Inc. ("Choon's") moves for partial summary judgment, claiming that: (1) Defendant Tristar Products, Inc.'s ("Tristar") Bandaloom product literally infringes claim 9 of U.S. Patent No. 8,485,565 ("the '565 patent"); and (2) Tristar's Bandaloom "Taffy Twist" video literally infringes claim 14 of the '565 patent. [Doc. 95].

The dispute over Choon's claims boils down to the definition of the term "base" in the '565 patent, as construed by the Court in its Order on Claim Construction [Doc. 68]. In addition to reciting certain facts throughout, the Court incorporates the facts and findings of the Order on Claim Construction by reference here.

Choon's motion is fully briefed, and the Court finds that a hearing is unnecessary to decide the issues presented. For the reasons stated, Choon's motion for summary judgment for literal infringement of claims 9 and 14 of the '565 patent [Doc. 95] is **DENIED**.

## II. LEGAL STANDARDS

A patent is infringed when a person "without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent." 35 U.S.C. § 271(a).

Consideration of a patent infringement claim entails two prongs. The first step is "claim construction to determine the scope of the claims, followed by (2) determination of whether the properly construed claim encompasses the accused device." *Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998).

The first step – claim construction – requires the Court to determine the scope and meaning of the asserted claims as a matter of law. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372-74 (1996). The Court did this in its Order on Claim Construction dated April 21, 2016. [Doc. 68].

The second step, the determination of infringement, is a question of fact. *Bai*, 160 F.3d at 1353. "Infringement is assessed by comparing the accused device to the claims; the accused device infringes if it incorporates every limitation of a claim, either literally or under the doctrine of equivalents." *MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1352 (Fed. Cir. 2005) (citation and internal brackets omitted). If any claim limitation is missing or not met, "there is no literal infringement as a matter of law." *Amgen Inc. v. F. Hoffman-La Roche Ltd*, 580 F.3d 1340, 1374 (Fed. Cir. 2009). The patent owner has the burden to prove infringement and must do so by a preponderance of the evidence. *Id.*

Summary Judgment shall be granted where, "if, after viewing the alleged facts in the light most favorable to the non-movant, there is no genuine issue whether the

accused device is encompassed by the [patent] claims." *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304 (Fed. Cir. 1999) (citing Fed. R. Civ. P. 56(c)).

## III. ANALYSIS

Choon's limits its focus to the meaning of the term "base." Choon's says the only claim limitation that Tristar argues is not met by the Bandaloom and Taffy Twist video, is the definition of "base." That is to say, Choon's argues that the Bandaloom meets all other limitations of the '565 patent. Tristar disagrees that the only limitation in dispute is "the base."

Nevertheless, Choon's seeks summary judgment as a matter of law with respect to the meaning of the term "base" as it relates to components of the Bandaloom. Because determination of that issue resolves Choon's arguments that the Bandaloom and Taffy Twist video literally infringe claims 9 and 14 of the '565 patent, respectively, there is no need to address other issues raised by Tristar.

In its Order on Claim Construction, the Court began its analysis by accepting Choon's position that the claims of the '565 patent only covered a product where the pins and the base form a one-piece loom, with integral base and pin bars. Choon's insisted that Tristar's Bandaloom was only one piece and that it infringed the '565 patent.

In crystallizing the parties' debate, the Court stated that "the parties dispute whether Choon's patents are broad enough to include a one-piece loom such that Tristar's Bandaloom infringes the Choon's patents." [Doc. 68, PgID 2925].

Ultimately, the Court construed the terms "base" and "pin bar" as being distinct structures. In the Court's Claim Construction Chart, the Court held that the term base,

3

as used in the '565 patent, is "a structure separate from the pin bar(s); its purpose is to locate or support the pin bar(s)." [*Id.*, PgID 2927].

To conform its cause of action to the Court's Claim Construction, Choon's no longer argues that the Bandaloom is a one-piece loom. Rather, to support its literal infringement argument, Choon's argues that the Bandaloom is a multi-piece structure; that it has four black, rubber feet that are made of a substance different from the rigid plastic of the balance of the loom; that these rubber feet fit into the plastic part of the loom; that they can be reattached and removed; that they support the rest of the loom; and hence, these rubber feet are the "base" of the Bandaloom, separate from the rest of the loom.

From these so-called facts, Choon's concludes that there are no genuine issues of material fact; that the Bandaloom is not a one-piece structure; and, therefore, the Bandaloom literally infringes the '565 patent based on this Court's own construction of the term "base."

Fatal to the Court's ability to reach the conclusion that Choon's suggests, is that the rubber feet (which were never mentioned during the claim construction briefing) cannot be the base because they do not meet the definition of that term as construed by the Court. Specifically, the purpose of the rubber feet is *not* "to locate or support the pin bar(s)," which is the purpose of the "base." [*See* Doc. 68, PgID 2927].

To begin with, the opinion of Choon's own expert, Dr. Christopher Pastore, establishes that the rubber feet do not serve the purpose of the "base," as the Court construed the term. Among other things, Dr. Pastore opined that: (1) without the feet, the plastic portion of the Bandaloom can locate and support the pin bar(s); (2) "with or

4

without feet, [the Bandaloom] has a base" because, without feet, "the bottom of the [one-piece] Bandaloom becomes the equivalent of the base"; and (3) the Bandaloom is stable with or without the rubber feet. [Doc. 105-7, PgID 5004-08].

Choon's relies on testimony of Dr. Youjiang Wang, Tristar's expert witness, in which he: (1) admitted the rubber feet "are part of" the base; and (2) said that he "believe[d]" that the rubber feet could "support the weight" of the plastic component of the Bandaloom. [Doc. 104, PgID 4534-35]. However, other than the fact that the rubber feet can support the weight of the Bandaloom, Choon's provides no evidence to demonstrate that the rubber feet meet the definition of "base" set forth in the Order on Claim Construction.

In making this argument, Choon's attempts to highlight that the four rubber feet *can* support the weight of the Bandaloom. However, the relevant inquiry is what the *purpose* of the feet is and whether the *purpose* is the same as the base as construed by the Court (i.e., whether "its purpose is to locate or support the pin bar(s)").

Where Choon's does mention the purpose of the rubber feet, it: (1) contradicts itself; and (2) fails to support its position that the purpose of the rubber feet is to support the pin bars. For example, on page 18 of its brief, Choon's states: "The purpose of these rubber bases are [sic] to support the pin bars." [Doc. 104, PgID 4532 (no evidence cited in support)]. On the following page, it says: "The purpose of including rubber feet on the Bandaloom is to reduce sliding and protect the surface that the Bandaloom is placed on." [*Id.*, PgID 4533 (citing Deposition of Dr. Wang, Doc. 95-7, PgID 3944)].

Notably, the second contention Choon's makes is supported by evidence, whereas the first contention is not. That is because the evidence establishes beyond dispute that the purpose of the rubber feet is to prevent the Bandaloom from sliding and/or to protect the surface on which it rests.

As Choon's points out, Dr. Wang testified at his deposition that "the *purpose* of the rubber feet" on the Bandaloom "is to reduce the tendency for sliding, slippage, and also protection of the surface." [Doc. 95-7, PgID 3944 (emphasis added) (part of "testimony" is affirmation of question)].

Moreover, as Choon's highlights, Vinay Advani testified that: (1) the rubber feet are "there for friction"; and (2) it was "Correct" that the rubber feet "were specifically added so that the entire loom itself would be able to attain friction with a surface." Although Mr. Advani is not an expert in this case, he developed the Bandaloom and is a fact witness; as Choon's submits, "[h]e is a fact witness, and perhaps the most important one. He knows <u>why</u> the rubber feet were included." [Doc. 113, PgID 5810 (emphasis in original)].

As Mr. Advani and Dr. Wang's testimony establishes, the purpose of the rubber feet is to help prevent the Bandaloom from sliding on a surface and protect the surface; because their purpose is ***not*** "to locate or support the pin bar(s)," they do not fit within the Court's construction of the term "base" as used in claims 9 and 14. [*See* Doc. 68, PgID 2927].

The Court finds that there is no genuine issue of material fact that the Bandaloom does not incorporate every limitation of claim 9 of the '565 patent, as construed by the Court in its Order on Claim Construction. Accordingly, there is "no literal infringement

as a matter of law." *See Amgen*, 580 F.3d at 1374 ("If any claim limitation is absent from the accused device, there is no literal infringement as a matter of law.").

Moreover, as Choon's acknowledges, because claim 14 (through incorporation of claim 12) includes the term "base" in its specification and the illustrative loom in the Taffy Twist video is the Bandaloom, the relevant inquiry for claim 14 is the same as claim 9 – i.e., whether the Bandaloom's four rubber feet constitute a "base" as construed by the Court. Because they do not, Tristar's Taffy Twist video does not "literally infringe" claim 14 of the '565 patent as a matter of law, for the same reasons that the Bandaloom does not literally infringe claim 9.

## IV. CONCLUSION

Choon's cannot show that the Bandaloom or Taffy Twist video incorporates every limitation of claims 9 or 14 of the '565 patent. Therefore, it fails to sustain its burden to prove literal infringement, and its motion for summary judgment [Doc. 95] is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 10, 2017