UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

CHOON'S DESIGN INC.,

    Plaintiff,                                      Case No. 14-10848
                                                    Honorable Victoria A. Roberts

v.

TRISTAR PRODUCTS, INC.,

    Defendant.
_____/

**<u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY [Doc. 97]</u>**

**I.    INTRODUCTION**

In its Third Amended Complaint, Plaintiff Choon's Design Inc. ("Choon's") alleges the following causes of action against Defendant Tristar Products, Inc.'s ("Tristar"):

    Count I – Direct Infringement of U.S. Patent No. 8,485,565 ("the '565 patent");

    Count II – Contributory Infringement of the '565 patent;

    Count III – Induced Infringement of the '565 patent;

    Count IV – Direct Infringement of U.S. Patent No. 8,684,420 ("the '420 patent");

    Count V – Contributory Infringement of the '420 patent;

    Count VI – Induced Infringement of the '420 patent;

    Count VII – Direct Infringement of U.S. Patent No. 8,622,441 ("the '441 patent");

    Count VIII – Contributory Infringement of the '441 patent;

    Count IX – Induced Infringement of the '441 patent;

    Count X – Direct Infringement of U.S. Patent No. 8,936,283 ("the '283 patent");

    Count XI – Contributory Infringement of the '283 patent; and

Count XII – Induced Infringement of the '283 patent.

[Doc. 45]. Tristar filed an eight-count Counterclaim; it seeks a declaration of non-infringement and declaration of invalidity for each of Choon's four patents. [Doc. 47].

The parties stipulated to the dismissal of all claims and counterclaims related to the '283 patent – i.e., Counts X, XI and XII of the Third Amended Complaint and counterclaims seven and eight. [Doc. 99].

This matter is now before the Court on Tristar's Motion for Summary Judgment of Non-Infringement and Invalidity. [Doc. 97]. The motion is fully briefed (including a sur-reply), and the Court finds that a hearing is unnecessary to decide the issues presented.

For the reasons stated, Tristar's Motion for Summary Judgment of Non-Infringement and Invalidity [Doc. 97] is **GRANTED IN PART** and **DENIED IN PART**, as set forth in the Conclusion.

## II. LEGAL STANDARD FOR PATENT INFRINGEMENT

A patent is infringed when a person "without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent." 35 U.S.C. § 271(a).

Consideration of a patent infringement claim entails two prongs. The first step is "claim construction to determine the scope of the claims, followed by . . . determination of whether the properly construed claim encompasses the accused device." *Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998).

The first step – claim construction – requires the Court to determine the scope and meaning of the asserted claims as a matter of law. *See Markman v. Westview*

*Instruments, Inc.*, 517 U.S. 370, 372-74 (1996). The Court did this in its Order on Claim Construction dated April 21, 2016. [Doc. 68].

The second step, the determination of infringement, "is assessed by comparing the accused device to the claims; the accused device infringes if it incorporates every limitation of a claim, either literally or under the doctrine of equivalents." *MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1352 (Fed. Cir. 2005) (citation and internal brackets omitted). If any claim limitation is missing or not met, "there is no literal infringement as a matter of law." *Amgen Inc. v. F. Hoffman-La Roche Ltd.*, 580 F.3d 1340, 1374 (Fed. Cir. 2009).

The patent owner has the burden to prove infringement and must do so by a preponderance of the evidence. *Id.* "Infringement, either literal or under the doctrine of equivalents, is a question of fact." *Brilliant Instruments, Inc. v. GuideTech, LLC*, 707 F.3d 1342, 1344 (Fed. Cir. 2013).

Summary judgment of non-infringement is appropriate "if, after viewing the alleged facts in the light most favorable to the non-movant, there is no genuine issue whether the accused device is encompassed by the [patent] claims," and the moving party is entitled to judgment as a matter of law. *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304 (Fed. Cir. 1999); Fed. R. Civ. P. 56(a). If any reasonable juror could find infringement, summary judgment must be denied. *Brilliant Instruments*, 707 F.3d at 1344; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III. ANALYSIS

In its April 21, 2016 Order on Claim Construction, the Court construed Choon's patent claims, holding – among other things – that the term "base" in claims 9 and 14 of

3

the '565 patent means "a structure separate from the pin bar(s): its purpose is to locate or support the pin bar(s)." [Doc. 68, PgID 2729]. The Court incorporates that Order by reference here.

In response, Choon's produced its Final Infringement Contentions, alleging that: (1) Tristar's Bandaloom product ("the Bandaloom") directly and/or indirectly infringed claim 9 of the '565 patent, either literally or under the doctrine of equivalents; (2) Tristar's "Taffy Twist" Bandaloom instructional video infringes claim 14 of the '565 patent, either literally or under the doctrine of equivalents; (3) the Bandaloom directly and/or indirectly infringes claim 3 of the '420 patent, either literally or under the doctrine of equivalents; and (4) Tristar's Bandaloom Mini Loom and Hook (the "Bandaloom Mini Loom") directly and/or indirectly infringes claim 16 of the '441 patent, either literally or under the doctrine of equivalents. [*See* Docs. 97-5, 97-6, 97-7, 97-8].

Concerning claim 14 of the '565 patent, Choon's summarily states that Tristar made a television commercial and numerous instructional videos that infringe claim 14. [Doc. 97-5, PgID 4092]. However, in its "claim chart," Choon's only specifically raises one instructional video – the Taffy Twist video. [*See* Doc. 97-6, PgID 4100-04]. Therefore, its allegations under claim 14 may only proceed as to the Taffy Twist video.

Tristar moves for summary judgment on all remaining claims, arguing: (1) the Bandaloom does not infringe claims 9 or 14 of the '565 patent, claim 3 of the '420 patent or claim 16 of the '441 patent, either literally or under the doctrine of equivalents; and (2) claims 9 and 14 of the '565 patent and claim 3 of the '420 patent are invalid in light of prior art looms. Choon's disputes each of these arguments.

4

### A. Choon's Literal Infringement Claims of the '565 and '420 Patents Fail as a Matter of Law

On August 10, 2017, the Court entered an Order Denying Choon's Motion for Summary Judgment of Literal Infringement of Claims 9 and 14 of the '565 patent. [Doc. 137]. In that Order, the Court found that because the purpose of the four rubber feet on the bottom of the Bandaloom is not to "locate or support the pin bar(s)," they do not meet the construction of the term "base" as used in claims 9 and 14, such that the Bandaloom does not literally include every limitation of the claims. [*See* Doc. 137, PgID 6386-87 (citing Doc. 68, PgID 2927)]. Because the feet are not a "base" under the Court's claim construction, the Bandaloom is a one-piece loom with an integrated base and pin bar, which is contrary to the requirement of claims 9 and 14 that the base be separate from the pin bar(s).

Accordingly, the Court held that the Bandaloom and Taffy Twist video do not literally infringe claims 9 and 14 of the '565 patent as a matter of law. [*Id.* (citing *Amgen*, 580 F.3d at 1374 ("If any claim limitation is absent from the accused device, there is no literal infringement as a matter of law."))]. That holding governs, and the Court incorporates it and its other findings from that Order by reference here.

Tristar is entitled to summary judgment on Choon's claims that the Bandaloom literally infringes claims 9 and 14 of the '565 patent.

Tristar similarly is entitled to summary judgment on Choon's claim that the Bandaloom literally infringes claim 3 of the '420 patent.

Although the issue was not raised during the claim construction process, the Court finds that the term "base" in the '420 patent has the same definition as "base" in the '565 patent – i.e., "a structure separate from the pin bar(s): its purpose is to locate or

5

support the pin bar(s)." [*See* Doc. 68, PgID 2927]. Accordingly, the Bandaloom does not literally infringe claim 3 of the '420 patent as a matter of law, for the same reasons it does not literally infringe claims 9 or 14 of the '565 patent.

With those claims dismissed, the remaining issues are: (1) whether the Bandaloom or Taffy Twist video infringes claim 9 or 14 of the '565 patent under the doctrine of equivalents; (2) whether the Bandaloom infringes claim 3 of the '420 patent under the doctrine of equivalents; (3) whether the Bandaloom Mini Loom infringes claim 16 of the '441 patent, either literally or under the doctrine of equivalents; and (4) whether prior art looms invalidate claim 3 of the '420 patent or claims 9 or 14 of the '565 patent.

### B. The Bandaloom Mini Loom Does Not Literally Infringe Claim 16 of the '441 Patent as a Matter of Law

Tristar argues that the Bandaloom Mini Loom does not literally infringe claim 16 of the '441 patent as a matter of law. The Court agrees.

In relevant part, claim 16 of the '441 patent requires "at least one clip including inward facing ends disposed on each side of an opening for securing ends of the series of links together." [Doc. 97-4, PgID 4089, '441 Patent, Col. 4, Lines 40-42]. The Court construed parts of this claim in its Order on Claim Construction, but it did not define the language "inward facing ends disposed on each side of *an opening*."

Nonetheless, the Court may still consider Tristar's argument, because: (1) consideration of the term "an opening" is dispositive of Choon's allegation that the Bandaloom Mini Loom literally infringes claim 16 of the '441 patent; and (2) Tristar establishes, and Choon's fails to rebut, that "the ordinary meaning of [that] claim language as understood by a person of skill in the art [is] readily apparent," such that

6

claim construction of the term "involves little more than the application of the widely accepted meaning of commonly understood words," *see Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005).

Specifically, Tristar establishes that the claim term "an opening" contains no ambiguity; that the plain and ordinary meaning of the term requires that the "clip" have "a single opening"; and that nothing in the claim language or specification would lead a person of ordinary skill in the art to depart from the plain and ordinary meaning. [*See* Doc. 97, PgID 1039-41].

Choon's fails to rebut Tristar's argument other than to state that the Court indicated in its Order on Claim Construction that, "the structure ('clip') is construed so that it is capable of performing the recited function ('for securing . . .')." [Doc. 109, PgID 5616 (citing Doc. 68, PgID 2929) (ellipsis in original Order)]. Notably, the construction of the term "an opening" to mean "a single opening" does not contradict the Court's requirement that "clip" be "construed so that it is capable of performing the recited function ('for securing . . .')."

Accordingly, the Court construes the term "an opening" in claim 16 of the '441 patent to mean "a single opening." The plain and ordinary meaning prevails.

Based on that construction, Choon's allegation that the Bandaloom Mini Loom literally infringes claim 16 of the '441 patent fails as a matter of law. As Tristar argues, a simple comparison of the accused device to claim 16 shows that Tristar's product does not incorporate every limitation of the claim. Specifically, the accused device contains two openings, not one. Therefore, the limitation of the claim that there be "a single opening" is not present, such that there is no literal infringement as a matter of law. *See*

*Amgen*, 580 F.3d at 1374 ("If any claim limitation is absent from the accused device, there is no literal infringement as a matter of law."). No reasonable juror could find otherwise.

Tristar is entitled to summary judgment on Choon's claim that the Bandaloom Mini Loom literally infringes claim 16 of the '441 patent.

### C. Analysis of Choon's Claims under the Doctrine of Equivalents

Although Tristar's accused products do not literally infringe Choon's patent claims, the Court must still determine whether there exists a genuine issue of material fact regarding infringement under the doctrine of equivalents.

Regarding the '441 patent, Tristar fails to address Choon's claim that the Bandaloom Mini Loom infringes claim 16 under the doctrine of equivalents. Therefore, this claim survives summary judgment.

As discussed below, Choon's claims under the '565 and '420 patents also survive summary judgment as to the doctrine of equivalents; a genuine issue of material fact exists regarding whether the Bandaloom contains only insubstantial differences from the asserted claims.

#### 1. The Doctrine of Equivalents

"Under the doctrine of equivalents, 'a product or process that does not literally infringe . . . the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention.'" *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir. 1998) (quoting *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997)). "An element in the accused

product is equivalent to a claim limitation if the differences between the two are 'insubstantial' to one of ordinary skill in the art." *KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1359 (Fed. Cir. 2000).

One way of assessing the question of equivalence – which both parties use here – is the function-way-result test. *See Toro Co. v. White Consol. Indus., Inc.*, 266 F.3d 1367, 1370 (Fed. Cir. 2001); *Ethicon*, 149 F.3d at 1315-16. Under this test, an element of the Bandaloom would be equivalent to an element in the asserted claim if it performs substantially the same function in substantially the same way to accomplish substantially the same result as the claimed element. *See Brilliant Instruments*, 707 F.3d at 1347.

"Infringement under the doctrine of equivalents requires an intensely factual inquiry." *Toro*, 266 F.3d at 1369 (citation omitted). Although "the doctrine of equivalents must be applied to the claims 'on an element-by-element basis,'" *Deere & Co. v. Bush Hog, LLC*, 703 F.3d 1349, 1356 (Fed. Cir. 2012) (citation omitted), "one-to-one correspondence of components is not required, and elements or steps may be combined without ipso facto loss of equivalency," *Ethicon*, 149 F.3d at 1320 (citation omitted). Stated differently, two components of an accused product may, together, serve as an equivalent of one claim element, or *vice versa*. *See id.*; *Toro*, 266 F.3d at 1370.

Ultimately, if a reasonable juror could find that "an asserted equivalent represents an 'insubstantial difference' from the claimed element," or that "the substitute element matches the function, way, and result of the claimed element," the Court must deny

9

summary judgment of non-infringement under the doctrine of equivalents. *See Deere*, 703 F.3d 1349, 1356-57 (Fed. Cir. 2012) (citation omitted).

### 2. Questions of Fact Preclude Summary Judgment Under the Doctrine of Equivalents

Tristar argues that Choon's claims for infringement under the doctrine of equivalents fail for multiple reasons. First, Tristar says Choon's fails to identify the structure or element of the Bandaloom that is equivalent to the "base" and pin bar(s) of claims 9 and 14 of the '565 patent and claim 3 of the '420 patent, which the Court has determined are separate. Second, it says Choon's cannot show that the Bandaloom's integral one-piece structure is equivalent to the claims of the '565 patent – which contain a base separate from the pin bar(s) – because "the removable base and detachable pin bar function [of the claimed looms] allow a user to reconfigure the device by providing 'for many possible orientations of adjacent pins, and therefore different orientations of and designs for a completed linked article,'" whereas "the Bandaloom product has pins that are arranged in a fixed offset relationship with one another that can never be arranged in any other relationship because of the integral construction of the Bandaloom product." [Doc. 97, PgID 4031-32 (quoting '565 Patent, Doc. 97-2, PgID 4059, Col. 1, Lines 48-50)]. Finally, Tristar says the Court should prevent Choon's from using the doctrine of equivalents because it attempts to broaden the scope of its asserted claims, such that the '565 patent and the '420 patent would be invalid in light of prior art looms. The Court will first analyze Choon's claims under the doctrine of equivalents before addressing Tristar's prior art argument.

Choon's says that, although the Bandaloom's pin bars are not separate from its base, it still meets the limitations of the patent claims because: (1) "the Bandaloom's

10

one piece construct performs substantially the same function, in substantially the same way, to achieve the same result as the claimed 'at least one pin bar supported on the base'"; and (2) "[a]n integrated pin bar and base is an insubstantial difference from one pin bar separate from the base." [Doc. 109, PgID 5596-97 (citing Pastore Report, Doc. 109-2, PgID 5635-38)].

Choon's goes on to compare the functions of the bases of the two products. It says in both products, the base is beneath the pin bar to provide a foundation; and, the base sits on a surface and maintains an upright orientation of at least one pin bar. Choon's eschews the "separate" requirement discussed in the Court's Claim Construction, arguing that there is no additional function or result of having a single pin bar separate from the base beyond the support function. As to the reconfigurability function Tristar contends is part of the asserted claims, Choon's points out that claims 9 and 14 of the '565 patent only require a single row of pins, and that Tristar's own expert, Dr. Youjiang Wang, acknowledges that a single row of pins cannot be reconfigured. [*Id.*, PgID 5598 (citing Doc. 106-5, PgID 5438-39)].

Tristar's arguments fail. Its first contention – i.e., that Choon's doctrine of equivalents claims fail because the Bandaloom is a one-piece loom and the asserted claims require looms with a base separate from the pin bar(s) – effectively recites the standard for showing literal infringement. However, "in every case applying the doctrine of equivalents, at least one claimed element is not literally present in the accused product." *Deere*, 703 F.3d at 1356 ("[T]he doctrine of equivalents, by its very nature, assumes that some element is missing from the literal claim language but may be supplied by an equivalent substitute."). If, as Tristar contends, the mere fact that the

11

accused product did not contain identical components as the claimed structure was fatal to a claim of infringement under the doctrine of equivalents, the doctrine would no longer be viable. The proper inquiry asks "whether an asserted equivalent represents an 'insubstantial difference' from the claimed element, or 'whether the substitute element matches the function, way, and result of the claimed element.'" *Id.*

Moreover, "one-to-one correspondence of components is not required, and elements or steps may be combined without ipso facto loss of equivalency." *Ethicon*, 149 F.3d at 1320 (citation omitted). A reasonable fact finder could conclude that the Bandaloom's combination of the separate components (i.e., the base and pin bar(s)) into one integrated component represents an insubstantial change. *See Ethicon*, 149 F.3d at 1320; *Toro*, 266 F.3d at 1370 ("[I]f an accused infringer has simply separated into two components what the patentee has claimed as one component a fact finder might indeed find such a change 'insubstantial.'")(citations omitted).

Tristar's second argument also fails. Although Tristar is correct that "[t]he doctrine of equivalents cannot be used to erase 'meaningful structural and functional limitations of [a] claim,'" [Doc. 114, PgID 5829-30 (quoting *Conopco, Inc. v. Mary Dept. Stores Co.*, 46 F. 3d 1556, 1562 (Fed. Cir. 1994))], the functional limitations it relies on (i.e., reconfiguration of the pin bar(s)) are in the claim specifications, not the actual claim language itself.

As Choon's argues, "Tristar is attempting to import a function from the specification, which the Federal Circuit has found improper." [Doc. 109, PgID 5596]. *See Toro*, 266 F.3d at 1371 ("This court's claim construction, however, did not and could not import into the claim a function from the specification, particularly when the

12

claim recites only purely structural limitations."); *Ecolab, Inc. v. Envirochem, Inc.*, 264 F.3d 1358, 1367 (Fed. Cir. 2001) ("Where the function is not recited in the claim itself by the patentee, we do not import such a limitation.").

Because the functional limitation Tristar relies on in support of its second argument is in the claim specifications, and nothing else in the claim language requires that the function of the base and pin bar(s) must provide for reconfiguration of the pin bar(s), the Court will not import that limitation to the claim construction. *See id.*; *Deere*, 703 F.3d at 1354 ("While claim terms are understood in light of the specification, a claim construction must not import limitations from the specification into the claims.").

The Court's Order on Claim Construction says that the purpose of the "base" is to "locate or support the pin bar(s)." [Doc. 68, PgID 2927]. Choon's demonstrates that, according to that construction, the Bandaloom's integrated base and pin bars satisfies the function of the asserted claims.

There remains a question of fact as to whether the one-piece structure of the Bandaloom represents an insubstantial difference from the asserted claims to one of ordinary skill in the art, and this factual determination must be decided by the jury. *Deere*, 703 F.3d at 1356 ("The test of the equivalence of a proposed substitute for a missing element is ordinarily a factual inquiry reserved for the fact finder."). Stated differently, the Court finds that a reasonable juror could conclude – on an element-by-element basis – that the substitute components of the Bandaloom perform substantially the same function as the claimed limitations of Choon's patents, in substantially the same way, to achieve substantially the same result.

Accordingly, summary judgment of non-infringement under the doctrine of equivalents is improper on claims 9 and 14 of the '565 patent, claim 3 of the '420 patent, and claim 16 of the '441 patent. *See KCJ Corp.*, 223 F.3d at 1359; *Deere*, 703 F.3d at 1356-57.

### D. Prior Art Looms Do Not Invalidate the '565 Patent or the '420 Patent

Tristar argues that the '565 patent and the '420 patent are invalid because Choon's broadened the scope of its claims under those patents, such that the structure now claimed by Choon's was disclosed in prior art looms.

To support this contention, Tristar cites to the deposition of Choon's expert, Dr. Christopher Pastore, during which Tristar's counsel handed him a picture of a prior art hand loom. The colloquy between him and counsel was this:

| | |
|---|---|
| Question: (by Mr. Kritzer) | This is Exhibit D26. Have you ever seen this before? |
| Answer: (by Dr. Pastore) | No. |
| Question: | Have you ever seen anything like it before? |
| Answer: | Yes. |
| Question: | And what is it? |
| Answer: | This is what you would call a hand knitting loom. |
| Question: | And was a product like this available prior to the invention that led to the issuance of the 565 patent? |
| Answer: | I don't know about precisely like this but certainly things like this along these lines. |

[Doc. 97-9, PgID 4298-99].

After saying he had seen things "along these lines," Dr. Pastore acknowledged that the pictured loom had a base and offset pins that did not touch one another, but it did not have elastic bands. Finally, Dr. Pastore said, "You're asking me to sort of perform an infringement analysis on the fly here with something I've never seen before." [*Id.*, PgID 4303].

Based on this testimony, Tristar argues that the Court can conclude as a matter of law, that the prior art hand loom in the picture produced at deposition disclosed all structural limitations of claim 9 of the '565 patent and claim 3 of the '420 patent, and that "no reasonable juror could find [these claims] valid in light of the prior art hand looms."

In response, Choon's says Tristar's request should be denied because: (1) Tristar gives no indication that the loom is even prior art to the '565 and '420 patents; and (2) Tristar does not provide any information about where the loom came from or when it was first available to the public.

Choon's is correct; Tristar's evidence is insufficient for it to obtain judgment as a matter of law.

Patents are presumed to be valid under § 282 of the Patent Act of 1952. 35 U.S.C. § 282. A party seeking to invalidate a patent must do so by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011).

An invalidity defense relying on prior art presumes that disclosures were made to the public before the effective filing date of the patent. *See* 35 U.S.C. § 102(a)(1) ("A person shall be entitled to a patent unless -- (1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention. . . ."); *DDR Holdings, LLC*

15

*v. Hotels.com, L.P.*, 773 F.3d 1245, 1252 (Fed. Cir. 2014) ("A patent claim is anticipated if a single prior art reference expressly or inherently discloses every limitation of the claim.").

The Leahy-Smith America Invents Act ("AIA"), which was enacted September 16, 2011, distinguishes between pre-AIA and post-AIA prior art. But for both, § 102 of the Patent Act specifies the categories of prior art that can be used to demonstrate invalidity. *See, generally,* 35 U.S.C. § 102. In some instances, the type of prior art will be relevant to the applicable disclosure date.

Tristar fails to provide the most basic of information to the Court regarding this so-called "prior art" beyond a picture sprung on an expert at deposition. This is a far cry from the clear and convincing evidence it must produce to establish that a patent claim is invalid.

Because Tristar fails to sustain its burden to prove invalidity of the patent claims by clear and convincing evidence, its invalidity arguments fail, and the presumption of validity remains in place for the '565 and the '420 patents.

## IV. CONCLUSION

For the foregoing reasons, Tristar's Motion for Summary Judgment of Non-Infringement and Invalidity [Doc. 97] is **GRANTED IN PART** and **DENIED IN PART**:

1. Summary Judgment is **GRANTED** as to Choon's allegations that Tristar literally infringed claims 9 and 14 of the '565 patent, claim 3 of the '420 patent and claim 16 of the '441 patent;

2. Summary Judgment is **DENIED** as to: (1) Choon's allegations that Tristar infringed claims 9 and 14 of the '565 patent, claim 3 of the '420 patent and claim 16 of

16

the '441 patent under the doctrine of equivalents; (2) Choon's allegations that Tristar indirectly infringed claims 9 and 14 of the '565 patent, claim 3 of the '420 patent and claim 16 of the '441 patent; and (3) Tristar's claim that the '565 and the '420 patents are invalid in light of prior art.

These claims will proceed to trial on December 5, 2017.

**IT IS ORDERED**.

                              /s/ Victoria A. Roberts
                              Victoria A. Roberts
                              United States District Judge

Dated: August 15, 2017