UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

CHOON'S DESIGN INC.,

    Plaintiff,                                    Case No. 14-10848
                                                  Honorable Victoria A. Roberts

v.

TRISTAR PRODUCTS, INC.,

    Defendant.
_____/

### ORDER: (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL CONTENTIONS [Doc. 171]; AND (2) SETTING DATES

**I. INTRODUCTION**

Plaintiff Choon's Design Inc. ("Choon's") moves to strike Defendant Tristar Products, Inc.'s ("Tristar") supplemental invalidity contentions, which disclose new prior art references. The motion is fully briefed.

As set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Choon's motion to strike.

**II. BACKGROUND**

Choon's filed this case in February 2014. The Court entered a claim construction order on April 21, 2016. Subsequently, the Court entered a scheduling order setting a December 2016 deadline for completion of fact discovery, a dispositive motion cutoff date in March 2017, and a trial start date of December 5, 2017.

The Court ruled on the parties' motions for summary judgment on August 10 and August 15, 2017. On August 17, less than three weeks before the deadline to file *Daubert* motions, Tristar sent a letter requesting the Court to amend the schedule and

hold a second *Markman* hearing on claim terms not construed previously. After holding an unsuccessful settlement conference on September 8, 2017, the parties submitted proposed amended schedules in advance of a September 26th status/ scheduling conference. The Court granted Tristar's request for a second *Markman* hearing.

On October 3, 2017, the Court entered a Second Amended Scheduling Order, which set the following as Step 11: "Tristar makes Final Invalidity and Unenforceability Contentions (supplementation limited to issues affected by earlier summary judgment decisions)." That language was adopted from Choon's proposed schedule. The Court never discussed the meaning of "affected by" with the parties.

The Court entered a second claim construction order on January 30, 2018. Tristar then made supplemental invalidity and unenforceability contentions that raise many new prior art references.

Tristar's supplemental contentions include more than twice the number of prior art references for the '565 and '420 patents than its original contentions. While the precise number is not clear from briefs, Tristar originally relied on approximately seven prior art references for the '565 patent and five references for the '420 patent. Tristar's supplemental contentions raise approximately 11 *new* references for the '565 patent and six *new* references for the '420 patent.

Choon's moves to strike the new prior art references; it says Tristar should have raised them sooner.

Tristar says the new references are appropriate because they relate to issues affected by either the summary judgment rulings or the second claim construction.

2

Despite Tristar's position that the second claim construction and summary judgment rulings affected its invalidity positions/defenses so significantly that it was justified to more than double prior art references, Tristar kept all but one of its original prior art references. Viewing these facts generally, the Court finds Tristar's decision to more than double its prior art references four years after the case was filed and long after discovery closed (on all issues other than expert discovery on damages) problematic. If the second claim construction and summary judgment rulings had affected Tristar's invalidity contentions significantly, it would have dropped more than one of its original contentions. The Court did not intend, much less consider, that the Second Amended Scheduling Order provide Tristar the opportunity to broaden its contentions so liberally.

Nevertheless, the Court reviewed Tristar's new prior art references to determine whether they should be stricken.

### III. DISCUSSION

#### A. Meaning of "affected by" in Second Amended Scheduling Order

Determining whether Tristar's supplemental invalidity contentions may stand or should be stricken requires the Court to first resolve the parties' dispute over the "affected by" language in the Second Amended Scheduling Order.

Choon's says "affected by" is a "limitation" that means "if the Summary Judgment Decision or Second Claim Construction resulted in [an adverse construction or] some change that [Tristar] could not have expected, it should be given the opportunity to adjust its positions, as necessary."

3

Tristar gives "affected by" its broadest possible meaning.  Tristar says that under the scheduling order, "it was not limited to supplement its contentions only where the Court's claim construction and summary judgment ruling 'resulted in some change that a party could not have expected'"; rather, it says "[t]he order permits supplementation on any issue 'affected by' the Court's rulings."

Choon's contends that Tristar's position is "circular" and "would mean the limitation has no limitations."  It says, "[a] fair reading of [local patent rules used in other Districts] make[s] clear that 'affected by' should be read to require some negative impact."

Although the meaning of "affected by" in the October 3 scheduling order is ambiguous and was never discussed with the parties, the Court certainly did not intend for it to allow Tristar to submit such a liberal or broad supplementation to its contentions this late in the case, especially where the Court's summary judgment rulings and second claim construction did not render Tristar's original contentions irrelevant. Tristar's construction of the "affected by" language, and its decision to more than double its prior art references – while keeping all but one of its original references – is unreasonable.

Choon's interpretation of "affected by" is more reasonable and is fair.

This District does not have local patent rules.  However, after reviewing other districts' local patent rules and case law, the Court adopts the standard used by the Northern District of California, among other jurisdictions, to determine whether to strike Tristar's amended contentions:

> "The [party seeking to amend] must demonstrate good cause, an inquiry
> that considers first whether the [amending] party was diligent in amending

4

its contentions and then whether the [opposing] party would suffer prejudice if the [amendments] were [allowed]. If the [amending] party is able to show diligence, the court may then consider the prejudice to the [opposing] party. In considering good cause, the Court can examine such factors as the relevance of the newly-discovered prior art and the difficulty of locating the prior art."

*Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-03587, 2014 WL 491745, at *3 (N.D. Cal. Feb. 5, 2014) (internal quotation marks and citations omitted).

### B. Whether Tristar Satisfies the Standard

Tristar argues it satisfies the good cause standard and that Choon's would not be prejudiced by allowing it to supplement. Tristar relies on three cases to support its position. However, as Choon's shows, each of those cases is distinguishable compared to the facts and posture of this case.

The parties discuss the new prior art references based on the claim terms they relate to. The Court addresses them the same way.

### i. The '565 Patent: "*opening on a front side*"

In the second claim construction order, the Court construed "opening on a front side" to mean "a space or groove on a forward facing side of each pin." This was Tristar's proposed construction of the term.

In its brief, Tristar contended that this construction was consistent with the claim language, the specification, and the Patent Trial and Appeal Board's ("PTAB") construction. The Court agreed.

Because the Court's construction of this term is consistent with the plain meaning of the claim language, the specification, and the PTAB's construction, Tristar was on notice that the Court's construction was a reasonable and likely construction of the term.

5

Accordingly, Tristar's delay in amending its contentions to include prior art related to this construction of the term is unwarranted, and Tristar cannot show good cause to now supplement its prior art references. *See Fujifilm*, 2014 WL 491745, at *3 (a party seeking to amend must demonstrate good cause, which requires that it was diligent in amending its contentions).

The Court strikes Tristar's supplemental prior art references that were included on the basis of the Court's construction of the term "opening on a front side."

### ii. The '565 Patent: "*relative special relationship*"

In construing this claim term, the Court adopted a claim construction different from that proposed by the parties. Although, as Choon's states, the Court's claim construction is "quite close to Tristar's proposed interpretation," Tristar initially proposed a different meaning for this term, but changed it during the second round of claim construction.

The Court allows Tristar to maintain its two supplemental prior art references related to the ability "to set a desired alignment" between two pins – i.e., the Boyer and Wang references, [*see* Doc. 172, PgID 7576]. To the extent these references are stricken on a different basis, Tristar may not rely on the references for the grounds in which they were stricken.

### iii. The '565 and '420 Patents: *single-piece looms*

Tristar claims that the Court's denial of its motion for summary judgment on the doctrine of equivalents makes supplemental references disclosing single-piece looms highly relevant to invalidity.

6

Choon's says Tristar was well aware of its doctrine of equivalents position, and that many of Tristar's original contentions referenced prior art that are single-piece looms.

Tristar says the fact that its original contentions included single-piece looms does not make its newly cited references less relevant.

The Court agrees with Tristar's statements. Because Choon's infringement claim under the doctrine of equivalents survived summary judgment, Tristar's references disclosing single-piece looms are relevant; and, Tristar's newly-cited references are not less relevant based on the fact that some of its prior art references in its original contentions were single-piece looms.

However, Tristar's response demonstrates that it knew single-piece looms were relevant when it made its original contentions, and that it is taking this opportunity to disclose additional single-piece looms that it should have disclosed originally, or certainly sooner than now.

Tristar cannot establish good cause for its supplemental prior art references disclosing single-piece looms.

The Court grants the motion to strike with regard to Tristar's supplemental prior art references disclosing single-piece looms.

### iv. The '420 Patent: "*rows of offset pins*"

In a "final written decision" dated March 7, 2017, the PTAB adopted a construction of "rows of offset pins" as "requiring the alignment of adjacent rows of pins be staggered relative to each other." During the second claim construction, Tristar proposed this construction, Choon's agreed to the construction, and the Court adopted

the construction.  Tristar now seeks to add prior art references it says disclose this limitation.

Because Tristar was not diligent in seeking to amend on this ground, the Court strikes the supplemental references Tristar sets forth on this basis.  If Tristar wanted to amend its contentions in this regard, it should have done so after the PTAB adopted the relevant construction.  That provided a basis for amendment.  Waiting close to a year – or even five months based on Tristar's August 17 letter – was unjustified and inexcusable.  *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1361, 1367-68 (Fed. Cir. 2006) (upholding the district court's denial of leave to amend contentions upon finding that the party seeking to amend had not shown good cause because it had not been diligent in seeking amendment, where it waited "over three months after the . . . deposition that had provided the basis for the [amendment]").

Tristar cannot establish good cause for waiting to make its supplemental prior art disclosures referencing "rows of offset pins…"  *Id.*  Therefore, the Court strikes Tristar's supplemental prior art related to "rows of offset pins."

## IV. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Choon's motion to strike.

The Court **STRIKES** all of Tristar's supplemental prior art references except for the Boyer and Wang references to the extent Tristar relies on those references in relation to the ability "to set a desired alignment" between two pins.

The new deadlines for "Steps" 12, 13 and 14 of the Second Amended Scheduling Order are May 23, 2018, June 13, 2018 and June 29, 2018, respectively.

The Court will hold an in-person status conference on **May 31, 2018** at **3:30pm** to schedule dates through trial and discuss outstanding issues.

The Court does not believe a second round of dispositive motions is necessary. If either side disagrees, that party must file a motion for leave to file a second summary judgment motion, with a copy of the proposed summary judgment motion attached as an exhibit, by **May 18, 2018**. No summary judgment motion exceeding 15 pages will be allowed. The opposing party may respond to the motion for leave by **May 25, 2018**; that party need not respond to the proposed summary judgment motion at that time.

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 3, 2018