UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

CHOON'S DESIGN INC.,

    Plaintiff,                                  Case No. 14-10848
                                              Honorable Victoria A. Roberts

v.

TRISTAR PRODUCTS, INC.,

    Defendant.
_____/

**ORDER: (1) GRANTING TRISTAR'S MOTION TO STAY [ECF No. 179];
(2) DENYING AS MOOT TRISTAR'S MOTION FOR LEAVE TO FILE A
MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF No. 176]; AND
(3) ADMINISTRATIVELY CLOSING CASE PENDING APPEAL IN *IDEA VILLAGE***

**I.    INTRODUCTION**

Before the Court are Defendant Tristar Products, Inc.'s ("Tristar") motion for leave to file a motion for partial summary judgment and motion to stay litigation. Plaintiff Choon's Design Inc. ("Choon's") opposes both motions.

As set forth below, the Court **GRANTS** Tristar's motion to stay and **ADMINISTRATIVELY CLOSES** this case pending the Federal Circuit appeal in *Idea Village*.

Tristar's motion for leave to file a motion for partial summary judgment is **DENIED** as moot.

**II.    BACKGROUND**

Choon's filed this case in February 2014. The Court entered an order on claim construction in April 2016, ruled on cross motions for summary judgment in August 2017, and entered a second order on claim construction in January 2018. The Court

has also resolved several discovery disputes and other issues throughout this case, including Choon's motion to strike supplemental invalidity contentions in May 2018.

In the order on Choon's motion to strike, the Court set a status conference for May 31, 2018, to discuss next steps. Before the conference, Tristar moved for leave to file a motion for partial summary judgment.

On May 31, 2018, the Court held an in-person status conference. During the conference, the Court and counsel for the parties discussed how Choon's appeal to the Federal Circuit in a parallel infringement action, *Choon's v. Idea Village Prods. Corp.*, No. 13-13568 (E.D. Mich.) (Michelson, J.) ("*Idea Village*"), affects this case, and whether the Court should stay proceedings pending the outcome in *Idea Village*.

The cases have similarities and differences. Like this case, Choon's alleges Idea Village sold a single-piece loom that infringed the '565 and '420 patents. However, the patent claims were construed differently in the two cases, leading to different summary judgment rulings.

In *Idea Village*, District Judge Laurie J. Michelson granted the defendant summary judgment on the '565 patent, finding that a single-piece loom cannot infringe claims 9 and 14 of the '565 patent either literally or under the doctrine of equivalents. Choon's claim alleging infringement of the '420 patent survived summary judgment in *Idea Village*. However, Choon's and Idea Village settled that claim before trial, and the case was closed. Choon's filed a notice of appeal to the Federal Circuit. In its appeal, Choon's challenges Judge Michelson's claim construction for the '565 patent and her summary judgment decision. Based on Federal Circuit statistics, a final decision is expected around June 2019.

In this case, the Court construed several claim limitations for the '420 patent consistently with the limitations for the '565 patent. At summary judgment, the Court found that a question of fact existed regarding whether a single-piece loom could infringe the '565 and '420 patents under the doctrine of equivalents. Choon's also has a claim for infringement of the '441 patent in this case, which was not at issue in *Idea Village*.

Following the status conference, Tristar filed a motion to stay litigation pending the appeal in *Idea Village*. The motion is fully briefed.

## III. DISCUSSION

Tristar says the Court should stay this case pending the appeal in *Idea Village* because the Federal Circuit will decide two key issues that will materially affect this case – i.e., the proper claim construction for the '565 patent and whether the '565 patent is not infringed by a single-piece loom as a matter of law.

Choon's argues that a stay is inappropriate because the Federal Circuit's decision will only affect one of the three patents at issue. It also argues that a stay would unfairly prejudice it, harm judicial economy, and not protect the public welfare.

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706 (1997), and in considering the "economy of time and effort for itself, for counsel and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). However, the Court "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio,*

3

*E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

In determining whether to stay proceedings pending "another case's imminent disposition," the Court considers four factors: "[1] the potential dispositive effect of the other case, [2] judicial economy achieved by awaiting adjudication of the other case, [3] the public welfare, and [4] the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015); *see also Landis*, 299 U.S. at 254-55 (determining whether to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance").

### A. Potential Dispositive Effect and Interests of Judicial Economy

The first two factors – i.e., the potential dispositive effect of the other case and the judicial economy achieved by awaiting adjudication of it – weigh heavily in favor of a stay.

In deciding Choon's appeal in *Idea Village*, the Federal Circuit will determine the proper claim construction for terms in the '565 patent and consider Judge Michelson's ruling that a single-piece loom does not infringe the '565 patent as a matter of law. These decisions will directly affect Choon's claims for infringement of the '565 patent in this case. Moreover, because this Court construed several claim limitations in the '420 patent consistently with the limitations in the '565 patent, the Federal Circuit's decision will likely affect Choon's claim for infringement of the '420 patent. The '565 and '420 patents account for two of the three patents at issue here, three of the four patent

4

claims Choon's alleges Tristar infringed, and 85 percent of the damages Choon's alleges.

Because the Federal Circuit's findings regarding claim construction and infringement of the '565 patent will bind this Court, Tristar correctly points out that, without a stay, the Federal Circuit's decision will very likely render moot much of the work done in this case between now and trial. If affirmed, the district court decision in *Idea Village* will likely dispose of Choon's claims that Tristar's one-piece loom infringes the '565 and '420 patents. If this case proceeds to trial before the Federal Circuit issues its decision and the Federal Circuit adopts a different claim construction than this Court, it is likely that at least one party will move for a new trial based on improper instructions to the jury on claim construction. Findings made related to the '565 and '420 patents from now until the Federal Circuit's decision could be moot, and the time spent on those issues a waste of judicial resources. Not only would the time spent be a waste of resources, there would likely need to be a second trial.

Based on these circumstances, "it would be at odds with the notion of judicial economy for this Court to proceed in this case and risk reaching an ultimate resolution that is inconsistent with precedent the [Federal] Circuit creates shortly thereafter." *See Monaghan v. Sebelius*, No. 12-15488, 2013 WL 3212597, at *2 (E.D. Mich. June 26, 2013) (finding that a stay pending appeal "promotes judicial economy and efficiency" where cases on appeal involved "substantially similar" issues and would "likely provide guidance in the Court's decisions in this case and narrow the issues the Court must resolve").

Regardless of the outcome, the Federal Circuit's decision in *Idea Village* will, at a minimum, simplify the issues in this case, and it may narrow or eliminate certain issues. Therefore, the "potential dispositive effect" of the appeal favors staying this case. *See SurfCast, Inc. v. Microsoft Corp.*, No. 12-333, 2014 WL 6388489, at *2-3 (D. Me. Nov. 14, 2014) (finding that a stay pending appeal will likely eliminate or simplify the issues weighs in favor of granting stay); *NetJumper Software, LLC v. Google, Inc.*, No. 04-70366, 2008 WL 2761022, at *2 (E.D. Mich. July 15, 2008) (staying proceedings upon finding that the most persuasive argument for granting the stay is the good possibility that the patent office reexamination will simplify or eliminate some of the contested issues).

Choon's is entirely correct that this case has been pending since 2014 and the parties have expended significant resources. But that does not justify proceeding to trial before the appeal is decided. Indeed, because staying proceedings will likely save judicial resources and avoid the possibility of duplicative litigation or the need for a second trial, interests of judicial economy and judicial efficiency strongly favor a stay pending the appeal in *Idea Village*. *See Navico Inc. v. Garmin Int'l, Inc.*, No. 14-0303, 2016 WL 8115365, at *3 (N.D. Okla. Jan. 15, 2016) (finding that judicial economy and the interests of the parties supported staying the case because "the Federal Circuit's ruling is likely to narrow the issues" and "[s]taying the case will also conserve the parties' resources by eliminating the possibility of reconsideration of any order issued by this Court in light of the Federal Circuit's ruling on claim construction matters").

**B.    The Public Welfare and Relative Hardships to the Parties**

Consideration of the final two factors also supports a stay.

Choon's argues a stay will not protect the public welfare because it will delay "calling a serial infringer to task." [ECF No. 180, PgID 7887]. However, because Tristar no longer sells the accused product, there is no ongoing harm. Thus, a stay will only delay the outcome and "will not damage the interest of the public." See *Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co.*, No. 01-1044, 2005 WL 912184, at *3 (S.D.N.Y. Apr. 19, 2005) ("Although . . . prompt enforcement of the patent laws benefits all who seek protection thereunder, it is undisputed that there is no ongoing harm here because Simatelex no longer manufactures the allegedly infringing coffee makers. Accordingly, the Court finds that a stay will not damage the interest of the public.").

Moreover, because several matters at issue in the *Idea Village* appeal will affect claims here, a stay will serve the public by controlling litigation expenses and conserving judicial resources. See *Astec Am., Inc. v. Power-One, Inc.*, No. 07-464, 2008 U.S. Dist. LEXIS 55100, at *14-15 (E.D. Tex. July 15, 2008) ("[T]he public interest would also be served by staying the present case. Controlling litigation expenses and conservation of judicial resources serves not only the parties and the Court, but also the public as a whole."). The interests of the public favor a stay.

Prejudice is the final factor for the Court to consider. Choon's summarily says it has been prejudiced by the extreme delay and that any additional delay will further prejudice it.

"[W]hether the patentee will be *unduly prejudiced* by a stay . . . focuses on the patentee's need for an expeditious resolution of its claim" *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (emphasis in original).

Choon's fails to present facts or case law showing that a stay would be unduly prejudicial. Although a stay will delay this case and negatively impact Choon's right to an expeditious determination of its rights, the Court finds that the potential prejudice to Choon's is not so severe to weigh against a stay.

Because Tristar no longer sells the alleged infringing product, Choon's cannot establish prejudice from the risk of any ongoing injury or continued infringement. *See Netjumper Software*, 2008 WL 2761022, at *2 (holding that "a stay of the proceedings would [not] unduly prejudice [plaintiff]" where defendant stopped its use of the allegedly infringing technology, because plaintiff was not "in a position of vulnerability with regard to any continued alleged infringement"). Moreover, as Tristar points out, Choon's does not dispute that monetary damages are an adequate remedy. Thus, a stay will not jeopardize or diminish any adequate remedy Choon's would be entitled to if it proves its infringement case; "it only delays realization of [any monetary] damages." *See VirtualAgility*, 759 F.3d at 1318.

Furthermore, because the Federal Circuit's decision will likely narrow and/or alter some of the issues, a stay may be beneficial to Choon's by eliminating its unnecessary use of time and resources.

## IV. CONCLUSION

Tristar's motion to stay is **GRANTED**. Its motion for leave to file a motion for partial summary judgment is **DENIED** as moot.

The Court **ADMINISTRATIVELY CLOSES** this case pending the Federal Circuit appeal in *Idea Village*.

8

Within fourteen days of the Federal Circuit's final decision in *Idea Village*, the parties must submit a joint notice that includes: (1) a request to reopen this case (or, if the parties agree that the case need not be reopened, a statement to that effect); (2) a copy of the Federal Circuit's final decision; (3) each party's position on how that decision affects this case; (4) each party's proposal for the next steps to take; and (5) a proposed schedule through trial from each party.

Within five days of filing the joint notice, counsel must jointly contact the Court to schedule a status conference.

Either party may move to lift this stay at any time for extraordinary circumstances.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 13, 2018