UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

CHOON'S DESIGN INC.,

    Plaintiff,                                  Case No. 14-10848
                                                   Honorable Victoria A. Roberts

v.

TRISTAR PRODUCTS, INC.,

    Defendant.

_____/

**<u>ORDER: (1) GRANTING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT [ECF No. 186]; and (2) DISMISSING THE CASE</u>**

**I.    INTRODUCTION**

Plaintiff Choon's Design Inc. ("Choon's") brings this patent infringement suit against Tristar Products, Inc.'s ("Tristar").

Choon's has two remaining claims: (1) Tristar's single-piece Bandaloom infringes claim 3 of U.S. Patent No. 8,684,420 ("the '420 patent") under the doctrine of equivalents; and (2) Tristar's Bandaloom Mini infringes claim 16 of U.S. Patent No. 8,622,441 ("the '441 patent") under the doctrine of equivalents. To decide these claims, the Court will also discuss its ruling on U.S. Patent No. 8,485,565 ("the '565 patent") and prior rulings concerning the '420 patent and '441 patent.

Tristar moves for summary judgment of noninfringement on these claims; this is Tristar's second motion for summary judgment. [ECF No. 186]. Tristar's motion is fully briefed and before the Court.

Tristar's motion is **GRANTED**. The case is **DISMISSED**.

## II. BACKGROUND

### A. The Beginning of This Case Through July 2018

Choon's filed this case in February 2014. The Court entered an order on claim construction in April 2016, ruled on cross motions for summary judgment in August 2017, and entered a second order on claim construction in January 2018.

The only claims that survived summary judgment were Choon's allegations of infringement under the doctrine of equivalents of claims 9 and 14 of its '565 patent, claim 3 of its '420 patent, and claim 16 of its '441 patent.

In July 2018, the Court stayed the case pending Choon's appeal to the Federal Circuit in a parallel infringement action, *Choon's Design, LLC v. Idea Vill. Prod. Corp.*, No. 13-13568 (E.D. Mich.) (Michelson, J.).

This case and the *Idea Village* case have similarities and differences. In both cases, Choon's alleged the defendant sold a single-piece loom that infringed the '565 and '420 patents. However, the patent claims were

construed differently in the two cases, leading to different summary judgment rulings.

In *Idea Village*, District Judge Laurie J. Michelson granted the defendant summary judgment on the '565 patent, finding that a single-piece loom cannot infringe claims 9 and 14 of the '565 patent either literally or under the doctrine of equivalents. But Choon's claim alleging infringement of the '420 patent survived summary judgment in *Idea Village*. The parties settled that claim before trial before a decision on the merits, and the case was closed. Choon's appealed Judge Michelson's claim construction for the '565 patent and her summary judgment decision to the Federal Circuit.

In this case, the parties' agreed that the Court should construe relevant claim limitations for the '420 patent consistent with the limitations for the '565 patent. At summary judgment, the Court declined to find that Tristar infringed Choon's '441 patent as a matter of law under the doctrine of equivalents; that claim survived summary judgment.

The Court also found that a question of fact existed regarding whether a single-piece loom could infringe the '565 and '420 patents under the doctrine of equivalents. In so finding, the Court overruled Tristar's argument that Choon's could not show that the accused one-piece Bandaloom was equivalent to the claims of the '565 patent, which contains

3

a base that is detachable from the pin bar(s). Now, with the final decision of the Federal Circuit on hand, the Court can rule as a matter of law that Tristar's single-piece loom does not infringe claim 3 of the '420 patent under the doctrine of equivalents.

### B. The Federal Circuit's Decision in *Idea Village*

In June 2019, the Federal Circuit issued a final decision affirming the district court in *Idea Village – see Choon's Design, LLC v. Idea Vill. Prod. Corp.*, 776 Fed. Appx. 691 (Fed. Cir. 2019).

The Federal Circuit agreed with the district court's construction of the term "supported on" in claim 1 of the '565 patent to mean "attached to but detachable from," such that it found the district court correctly construed the phrase "at least one pin bar *supported on* the base" in claim 1 as "at least one pin bar *attached to but detachable from* the base." *See id.* at 696. The Federal Circuit also held that the accused single-piece loom (and by implication, any single-piece loom) did not infringe claims 9 and 14 of the '565 patent under the doctrine of equivalents as a matter of law, because a single-piece loom does not have a detachable pin bar, which is required under the above construction of "supported on." *See id.* at 697. In concluding this, the Federal Circuit effectively found that this Court erred in

4

its conclusion that a fact question existed over whether Tristar's one-piece Bandaloom was equivalent to the '565 patent.

The Federal Circuit did not address the '420 or '441 patents.

### C. Tristar's Second Motion for Summary Judgment

On August 14, 2019, the parties filed a Joint Notice informing the Court that the Federal Circuit issued its decision in *Idea Village*, asking the Court to lift the stay, and informing the Court that the Federal Circuit's decision foreclosed Choon's claims based on the '565 patent.

Tristar asked to file a second summary judgment motion; it said that the *Idea Village* decision and other recent Federal Circuit authority entitled it to summary judgment on Choon's remaining claims under the '420 and '441 patents as well.

On November 12, 2019, the Court lifted the stay, dismissed Choon's claims for infringement of the '565 patent, and granted Tristar's request to file a second motion for summary judgment.

Tristar's second summary judgment motion is now before the Court.

## III. SUMMARY JUDGMENT STANDARD

Consideration of a patent infringement claim is a two-step process. The first step – claim construction – requires the Court to determine the

5

scope and meaning of the asserted claims as a matter of law. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372-74 (1996). The Court engaged in two rounds of claim construction. Moreover, as explained below, the Federal Circuit's construction of the term "supported on" in the '565 patent in *Idea Village* is relevant to Choon's claim that Tristar infringed the '420 patent.

The second step – the determination of infringement – "is assessed by comparing the accused device to the claims; the accused device infringes if it incorporates every limitation of a claim, either literally or under the doctrine of equivalents." *MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1352 (Fed. Cir. 2005) (citation and internal brackets omitted). The patent owner has the burden to prove infringement and must do so by a preponderance of the evidence. *See Amgen Inc. v. F. Hoffman-La Roche Ltd.*, 580 F.3d 1340, 1374 (Fed. Cir. 2009) (citation omitted). Infringement is a question of fact. *Brilliant Instruments, Inc. v. GuideTech, LLC*, 707 F.3d 1342, 1344 (Fed. Cir. 2013).

Summary judgment of non-infringement is appropriate "if, after viewing the alleged facts in the light most favorable to the non-movant, there is no genuine issue whether the accused device is encompassed by the [patent] claims," and the moving party is entitled to judgment as a

6

matter of law.  *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304 (Fed. Cir. 1999); Fed. R. Civ. P. 56(a).  If any reasonable juror could find infringement, summary judgment must be denied.  *Brilliant Instruments*, 707 F.3d at 1344; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## IV. ANALYSIS

### A. Claim 3 of the '420 Patent

Although the Federal Circuit did not address the '420 patent in *Idea Village*, Tristar says its accused infringing product – i.e., the single-piece Bandaloom – cannot infringe the '420 patent under the doctrine of equivalents for the same reason it did not infringe the '565 patent; the '420 patent has the same operative claim term – i.e., "supported on" – as the '565 patent and similarly requires detachability from the base as a function.

Specifically, Claim 1 of the '565 patent and claim 1 of the '420 patent (on which claim 3 relies) each contain the term "supported on."  The relevant phrase in the '565 patent is: "at least one pin bar *supported on* the base"; the relevant phrase in the '420 patent is: "a plurality of pins *supported on* the base. . . ."

7

Tristar says the Court should construe the term "supported on" in the '420 patent consistent with the Federal Circuit's construction of that term in the '565 patent. The Court agrees.

The Court previously held, and the parties agreed, that the relevant terms in the '420 patent – including "supported on" – would be construed the same way as they were for the '565 patent:

> Because the '565 patent and '420 patent are related patents that rely on the same specification, the Court construes these terms in the same manner as construed for the '565 patent. *See In re Katz Interactive Call Processing Patent Lit.*, 639 F.3d 1303, 1325 (Fed. Cir. 2011) ("[W]e ordinarily interpret claims consistently across patents having the same specification."). Choon's and Tristar agree with this approach.

[ECF No. 165, PageID.7503].

Thus, the Federal Circuit's construction of "supported on" for the '565 patent also applies to that term in the '420 patent: the phrase "a plurality of pins *supported on* the base" in the '420 patent means "a plurality of pins *attached to but detachable from* the base." As a result, the '420 patent requires that the plurality of pins be detachable from the base, and "the accused device must perform the functions of the detachable [plurality of pins] in order to be equivalent." *See Idea Village*, 776 Fed. Appx. at 697 (citing *Honeywell Int'l Inc. v. ITT Indus., Inc.*, 452 F.3d 1312, 1321 (Fed. Cir. 2006)).

8

Choon's says that while ordinarily terms in related patents should be construed the same, here the term "supported on" in the '420 patent should be construed different than it was construed in the '565 patent. This is a complete change from the position Choon's has held throughout this case. During initial claim construction, Choon's "submit[ted]" that the terms in the '420 patent should be construed in the same manner as the '565 terms. [*See* ECF No. 56, PageID.1988 ("Since both the '565 patent and the '420 patent are related patents and rely on the same specification, Choon's submits that these claim terms should be construed in the same manner as construed for the '565 patent.")]. And, in its reply brief during the second round of claim construction, Choon's "agree[d]" with Tristar that the '420 patent "terms should be construed in the same manner as construed for the '565 patent." [ECF No. 159, PageID.7342].

Choon's is bound by that earlier position; the Court will not rehash matters settled early in this case. *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016) ("Under the law of the case doctrine, findings made at one stage in the litigation should not be reconsidered at subsequent stages of that same litigation." (citation omitted)).

Choon's says that "even construing the '420 patent in the same manner as the Federal Circuit did the '565, the finding of no infringement

9

under the doctrine of equivalents does not apply to the '420 patent," because the Federal Circuit's analysis centered on reconfigurability. Choon's argues that reconfigurability does not apply to the '420 patent because the '420 patent claim requires "rows of offset pins." The Court disagrees.

Choon's contention that the '420 patent claim's recitation of offset pins prevents reconfigurability is unsupported. As Tristar says, the '420 patent, just like the '565 patent, discloses detachable and reconfigurable pins, and offset pins can be reconfigured on the loom and still be offset. Stated differently, there is more than one configuration in which the offset pins could be placed that would maintain the offset nature of the pins.

Like the '565 patent, the '420 patent claims cannot cover a single-piece loom; to find otherwise would "expand the scope of the claims beyond the specification." *See Idea Village*, 776 Fed. Appx. at 696.

Tristar is entitled to summary judgment that it does not infringe claim 3 of the '420 patent under the doctrine of equivalents.

**B.    Claim 16 of the '441 Patent**

Claim 11 of the '441 patent – on which claim 16 depends – requires "at least one clip including inward facing ends disposed on each side of an

10

opening for securing ends of the series of links together." This claim describes what can be referred to as a "C-Clip." The accused device is Tristar's Bandaloom S-Clip. The two clips are shown below; the claimed device is represented in Figure 1 and the accused device in Figure 2.




Figure 1
Choon's C-Clip

Figure 2
Tristar's S-Clip

Choon's alleged that the Bandaloom S-Clip infringed the '441 patent literally and under the doctrine of equivalents. The Court granted Tristar summary judgment on Choon's literal infringement claim and found that, because "Tristar fails to address Choon's claim that the Bandaloom [S-Clip] infringes claim 16 under the doctrine of equivalents[,] . . . [that] claim survives summary judgment." [ECF No. 138, PageID.6395].

Tristar's failure to address Choon's doctrine of equivalents claim appears to be an oversight. Indeed, although it did not address the claim in its motion, Tristar moved for reconsideration of the Court's order, claiming

11

that the Court committed a palpable defect by failing to grant it summary judgment of non-infringement of the '441 patent under the doctrine of equivalents. The Court denied Tristar's motion for reconsideration.

Tristar now reasserts this argument, arguing that intervening Federal Circuit precedent prevents the application of the doctrine of equivalents as Choon's proposes.

Choon's says Tristar's motion is nothing more than an untimely and improper request for reconsideration because none of the intervening case law on which Tristar relies established a change in the law. It says Tristar's veiled motion for reconsideration should be denied on this basis alone. Choon's also says Tristar's argument fails on the merits, and that the issue must go to the jury.

The Court agrees with Choon's that the "intervening precedent" Tristar cites does not establish a change in the law, and that Tristar is essentially reiterating the same argument it made in its motion for reconsideration of this Court's summary judgment order. Nevertheless, the Court considers Tristar's argument, because declining to address this issue now would only delay the inevitable and would be a waste of judicial resources and waste of the time and resources of the parties. Tristar is entitled to summary judgment.

Tristar says it is entitled to summary judgment of non-infringement on claim 16 of the '441 patent under the doctrine of equivalents because:

> [I]t is impossible to apply Choon's proposed theory of infringement under the doctrine of equivalents without overriding the clear and natural language of the claim that requires: (1) a single opening; and (2) inward facing ends disposed on each side of that opening. Such an application to cover the accused S-clip would also serve to vitiate these claim limitations and render them completely inconsequential.

[ECF No. 186, PageID.7987 (citations omitted)].

The Court agrees with Tristar.

"A patentee must establish 'equivalency on a limitation-by-limitation basis' by 'particularized testimony and linking argument' as to the insubstantiality of the differences between the claimed invention and the accused device or process." *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1342 (Fed. Cir. 2016) (citation omitted).

Here, the clear and natural language of the claim requires a single opening and inward facing ends disposed on each side of that opening. Because Tristar's accused S-Clip includes two separate openings with a single inward facing end on one side of each opening, applying the doctrine of equivalents would impermissibly expand the scope of the claim and impermissibly override the plain and natural language of the claim. *See Amgen Inc. v. Sandoz Inc.*, 923 F.3d 1023, 1029 (Fed. Cir. 2019) ("[O]ur

13

precedent prohibits us from overriding the natural language of [a] claim. . . . The doctrine of equivalents applies only in exceptional cases and is not 'simply the second prong of every infringement charge, regularly available to extend protection beyond the scope of the claims.'" (citation omitted)); *GLG Farms LLC v. Brandt Agric. Prod., Ltd.*, 741 Fed. Appx. 794, 799 (Fed. Cir. 2018) ("The plain language of the claims clearly requires that the drive assemblies be mounted 'on the *base wall*[]'. . . . GLG Farms' broad scope of equivalence would 'effectively eliminate that claim element in its entirety,' and must therefore be rejected." (internal citation omitted)).

Moreover, applying the doctrine of equivalents would entirely vitiate the "an opening"/single opening claim element as well as the claim limitation requiring "inward facing ends . . . on each side of an opening." Thus, Choon's doctrine of equivalents claim fails. *See, e.g.*, *Rembrandt Patent Innovations, LLC v. Apple, Inc.*, 716 Fed. Appx. 965, 976 (Fed. Cir. 2017) ("An argument under the doctrine of equivalents fails if it 'renders a claim limitation inconsequential or ineffective.' As the Supreme Court instructed, 'if a theory of equivalence would entirely vitiate a particular claim element, partial or complete judgment should be rendered by the court, as there would be no further material issue for the jury to resolve.'" (citations omitted)); *Am. Calcar, Inc. v. Am. Honda Motor Co.*, 651 F.3d 1318, 1338-

14

39 (Fed. Cir. 2011) (concluding that a theory of equivalence was "legally insufficient" because it "would vitiate [the] claim limitation by rendering it meaningless" to find that "a signal from one source" was equivalent to "signals from a plurality of sources").

Choon's attempts to save its claim by arguing that a device with two openings can be equivalent to a device with a single opening because "'two physical components of an accused device may be viewed in combination to serve as an equivalent of one element of a claimed invention.'" [ECF No. 187, PageID.8075 (quoting *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1320 (Fed. Cir. 1998)].

But in quoting *Ethicon*, Choon's omitted the end of the sentence, which provides an important caveat: "[T]wo physical components of an accused device may be viewed in combination to serve as an equivalent of one element of a claimed invention, **as long as no claim limitation is thereby wholly vitiated**." *See Ethicon Endo-Surgery*, 149 F.3d at 1320 (emphasis added).

As discussed above, Choon's theory of equivalency does wholly vitiate a claim limitation. Choon's argument does not save its claim.

Moreover, as Tristar says, even if Choon's doctrine of equivalents claim is not precluded, the claim still fails because it cannot satisfy the

function-way-result test. Among other things, Choon's claim fails under the "way" prong. Comparing the devices on a limitation-by-limitation basis, Tristar's accused S-Clip works in a substantially different way (two openings) than the claimed C-Clip (one opening). *See Amgen*, 923 F.3d at 1029 (Fed. Cir. 2019) ("[T]he district court was correct to grant summary judgment that Sandoz does not infringe claim 7 under the doctrine of equivalents because its one-step, one-solution purification process works in a substantially different way from the claimed three-step, three-solution process.").

Additionally, Choon's fails to provide particularized testimony for each prong of the function-way-result test. The two expert reports Choon's relies on provide nothing more than entirely conclusory statements. This is insufficient to survive summary judgment on a claim under the doctrine of equivalents. *See Pazandeh*, 718 Fed. Appx. at 980 (Fed. Cir. 2018) ("[T]his testimony is entirely conclusory, and is therefore insufficient to demonstrate that there is a genuine dispute of material fact as to infringement under the doctrine of equivalents."); *Rembrandt*, 716 Fed. Appx. at 977 ("[C]onclusory expert testimony on [a] prong of the function-way-result test was insufficient, by itself, to create a genuine issue of

material fact on the issue of infringement by equivalents." (citing *Augme Techs., Inc. v. Yahoo! Inc.*, 755 F.3d 1326, 1336 (Fed. Cir. 2014)).

No reasonable jury could find that Tristar's S-Clip infringes Choon's C-Clip under the doctrine of equivalents. Thus, Tristar is entitled to summary judgment of non-infringement on claim 16 of the '441 patent. *See Akzo Nobel Coatings*, 811 F.3d at 1342.

**V.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Tristar's second motion for summary judgment. The case is **DISMISSED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 23, 2020

17